**CARROLL et al., Appellants,**

**v.**

**WRIGHT, Supt., Appellee.**

[Cite as *Carroll v. Wright* (1997), 123 Ohio App.3d 623.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 97 CA 56.

Decided Nov. 7, 1997.

*David A. Haffey* and *David E. Gordon*, for appellants.

*Suzanne M. Schmidt*, Greene County Senior Assistant Prosecuting Attorney, for appellee.

---

WOLFF, Judge.

Timothy and Kathleen Carroll appeal from a summary judgment of dismissal of their appeal to the juvenile division of the court of common pleas. The Carrolls had appealed the denial by the school superintendent, William S. Wright, of a due process hearing provided for in Ohio Adm.Code 3301–34–03(D)(1)(b).

Pursuant to Ohio Adm.Code 3301–34–03(A), the Carrolls notified the superintendent of schools of their election to home-school two of their children, Isaiah and Samuel, during the 1996–1997 school year. The superintendent refused to accept the notification and refused to afford the Carrolls a due process hearing because Isaiah and Samuel were under a court order from the juvenile court that they be educated in the public schools. The juvenile court dismissed the Carrolls' appeal of the superintendent's adverse actions for the reason advanced by the superintendent: The court order that Isaiah and Samuel be educated in the public schools "precludes the obligation of the [superintendent] to act on the application of the [Carrolls] for approval of their home-schooling plan."

The Carrolls' assignment of error is as follows:

"The juvenile court erred when it failed to require the school superintendent to take action on the Carrolls' notification of their election to provide home education."

Ohio Adm.Code 3301–34–03(C) and (D) provide as follows:

"(C) The superintendent shall review the information submitted within fourteen calendar days of receipt thereof and shall determine if it is in compliance with the provisions of paragraph (A) of this rule.

"(1) If the superintendent, upon review of the information, determines that it is in compliance with all requirements set forth in paragraph (A) of this rule, the superintendent shall notify the parent(s) in writing that the child is excused from school attendance for the remainder of the current school year.

"(2) If the superintendent, upon review of the information, determines that it is not in compliance with all of the requirements set forth in paragraph (A) of this rule, the superintendent shall state in writing the specific respects in which the information is incomplete.  The superintendent shall provide the parent an option within fourteen calendar days, to:

"(a) Supply additional information in writing, or

"(b) Arrange a conference at which the requested information can be supplied.

"(D) If the additional information supplied either in writing or in conference is not in accordance with the requirements set forth in paragraph (A) of this rule; or notwithstanding the fact that the parent has complied with the provisions of this rule, if the superintendent has substantial evidence that the minimum educational requirements of paragraph (A) of this rule will not be met, the superintendent shall declare his or her intent to deny the excuse.

"(1) The superintendent shall so notify the parent(s) in writing within fourteen calendar days, stating:

"(a) The reason(s) for the intent to deny the excuse, and

"(b) The right to a due process hearing before the superintendent on the reasons set forth."

Although this appeal may be moot as to the 1996–1997 school year, we will decide the appeal on the merits because the issue presented may be a recurring one, otherwise evading review.

We agree with the Carrolls that the superintendent was obliged to act upon their notification, notwithstanding that the current order of the juvenile court is that Isaiah and Samuel be educated in the public schools.  The above-quoted Ohio Administrative Code provision imposed upon the superintendent a mandatory duty to act upon a notification of election to home-school.  The Carrolls concede that even if the superintendent were to act favorably upon their notification of election to home-school, that action would not require the juvenile court to change its order that Isaiah and Samuel be educated in the public schools.  They contend, however, that they should be able to present to the

juvenile court the fact of favorable action, if any, on their notification of intent to home-school these children.

The Carrolls having conceded the primacy of the juvenile court, there can be no conflict between the juvenile court and the superintendent should subsection (C)(1) be applicable. Such being the case, the Carrolls ought to be able to present to the juvenile court the fact of the superintendent's approval, if any, of their home-schooling plan.

The judgment of dismissal is reversed.

*Judgment reversed.*

BROGAN and GRADY, JJ., concur.